[No. 22016.   Department One.   August 12, 1930.]

J. M. MARTINAC *et al., etc., Respondents,* v. IVAN BAKO-
VIC, *Appellant,* UNITED STATES FIDELITY AND GUAR-
ANTY COMPANY, *Respondent.*[1]

*Dykeman, Monheimer & Griffin,* for appellant.
*Vanderveer, Bassett & Levinson,* for respondent.

MILLARD, J.—Under the provisions of a written con-
tract executed March 5, 1927, plaintiff was obligated
to construct a purse seine fishing boat and to deliver
the same to defendant Bakovic on or before May 1,
1927.   Alleging construction pursuant to the terms of
the contract, but that delivery of the boat was delayed
two weeks by reason of changes in construction made
at the request of the defendant, the plaintiff instituted
this action for an unpaid balance upon the contract
price of the boat, and for extras.   Admitting the exe-

[1]Reported in 290 Pac. 847.

cution of the contract, denying the major portion of the extras, and impleading the United States Fidelity and Guaranty Company (surety on the bond for the performance of the contract) as a defendant to his cross-complaint, the defendant affirmatively defended and counterclaimed as follows:

"That heretofore and on or about the 22d day of January, 1927, defendant entered into a fishing agreement with the Atlas Packing Corporation, a copy of which contract is hereto attached marked exhibit 'A', and by this reference made a part hereof; that said contract recites the prior execution of a contract to construct a boat with said plaintiffs, but as a matter of fact, said contract, exhibit 'A' was exhibited to plaintiffs and they understood that the boat to be constructed by them was to be used in fulfilling said contract, and the contract attached to plaintiff's complaint is the one which was finally entered into..

"That boats of the type referred to in said contract were being constructed by several shipyards on Puget sound to enter the herring industry at about the time and upon the same conditions as referred to in the contract, exhibit 'A' to be fished by a crew of eight men upon the customary lay of one share each, all of which was well known to all of the parties hereto at all times herein mentioned.

"That, by and under the terms of said contract to build said boat, it was provided that said boat would be delivered to defendant on May 1, 1927, but the same was not completed until May 30, 1927, and the defendant lost the use of said boat for said month and was damaged on that account in the sum of $1,500."

The cause was tried to a jury which found for the plaintiff and against the defendant Bakovic, who appeals from the judgment entered on the verdict.

Appellant assigns as error the sustaining of objections to the following offers of proof:

The reasonable charter or rental value of boats of the type of the one in question was one thousand dol-

lars a month, which was the loss sustained by appellant during the month of May by reason of respondent's delivery of the boat May 30, 1927. The amount of money the boat would have earned in addition to what it did earn had it been delivered May 1, instead of May 30. There was a demand for boats of this type during May, 1927, in and around Seattle and Tacoma; and there was a demand and ready market for such boats for each day of the fishing season in and around Puget sound and in Alaska.

The contract provided that the boat should be completed and delivered to the appellant May 1, 1927. The evidence is conflicting as to the date of delivery. There was testimony supporting the position of respondent that delivery was affected two weeks subsequent to May 1; that the failure to deliver on the date stipulated in the contract was because of changes in construction made at the request of the appellant. The appellant testified that he accepted delivery of the vessel May 26, 1927, took it to Seattle to install additional equipment and departed from Puget sound for the Alaska fishing grounds May 30. He also testified that he estimated the loss by reason of the delay was five hundred dollars.

"That the fishing season only lasted four and a half months and that he caught four hundred and seventy-five dollars worth of fish the first day that he fished; that he estimated he was damaged five hundred dollars by reason of his failure to arrive on the fishing grounds in time to look over the place and locate his lines and things of that nature. . . . That he figured he could make about fifty dollars a day profit while using the boat in these waters."

The verdict reflects the jury's acceptance of respondent's explanation of the cause of the delay in delivery. Assuming, however, that appellant was de-

prived, through the fault of the respondent, of the use of the boat during the month of May, 1927, to what damages would appellant be entitled?

The appellant alleged that respondent was shown appellant's contract with the Atlas Packing Corporation, and that it was understood by the parties that the boat was to be constructed for the specific purpose of fulfilling the contract between appellant and the Atlas Packing Corporation. This is admitted by the respondent. Appellant's contract with the packing corporation provides for the employment of appellant's boat and the exclusive services of the appellant by the packing corporation for the entire season of 1927.

Where two parties make a contract which one of them breaches, the damages to which the other party is entitled by reason of such breach are such as may reasonably be considered as arising according to the usual course of things from such breach, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of a breach of the agreement. 17 C. J. 742; 8 R. C. L. 451. The special circumstances under which the contract was made were communicated to the respondent. Both parties admit that the boat was to be constructed for the purpose of fulfilling the terms of a contract between the appellant and the Atlas Packing Corporation. The damages recoverable for the breach of this contract are such as might reasonably be supposed to have entered into the contemplation of the parties when they made the contract. The appellant is only entitled, under the pleadings, to recover for the loss sustained by him by reason of his inability to perform his contract with the packing corporation. If he sustained any loss thereby, he would have been entitled to introduce

evidence of such loss. There was no denial of that right.

Appellant testified, as heretofore recited, as to damages by reason of the delayed delivery. The general rule of the measure of damages growing out of the breach of a contract is stated in the case of *Hadley v. Baxendale,* 9 Exch., 341, 353 [English Exchequer Reports (Welsby, Hurlstone & Gordon)] as follows:

"Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such a breach of contract."

The foregoing is quoted with approval in *Sedro Veneer Co. v. Kwapil,* 62 Wash. 385, 113 Pac. 1100, and is the rule in this jurisdiction.

The introduction of testimony should be confined to the issues as made by the pleadings. The offers of proof made in the case at bar disclose that the evidence sought to be elicited was not relevant to the issues;

therefore the trial court correctly rejected the offers. The judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and TOLMAN, JJ., concur.